UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| Restoration Action, Inc. | : | |
| 1901 Butterfield Road, Suite 120 | : | |
| Downers Grove, Illinois  60515 | : | Civil Action No. |
|  | : | |
| Plaintiff, | : | |
|  | : | **JURY DEMAND MADE** |
| v. | : | |
|  | : | |
| Center for American Restoration, Inc. | : | |
| American Restoration Action, Inc. | : | |
| Russell Vought | : | |
| 912 South Quincy Street | : | |
| Arlington, Virginia  22204 | : | |
|  | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT

Plaintiff, Restoration Action ("Restoration Action"), files this Verified Complaint against Center for American Restoration of America, Inc., American Restoration Action, and their founder, Mr. Russell Vought, an individual (hereafter collectively "Vought"), based upon information and belief as follows:

### PARTIES

1.      Restoration Action is a Delaware corporation with its principal place of business at Suite 120, 1901 Butterfield Road, Downers Grove, Illinois 60515.  Restoration Action promotes its services all over the country, including in this district.

2.      Defendant Center for American Restoration, Inc. is a Delaware corporation.  Upon information and belief, Center for American Restoration operates from the home of its founder, Mr. Russell Vought, 912 South Quincy Street, Arlington, Virginia 22204

3.      On information and belief, Defendant American Restoration Action, Inc. is a Delaware corporation, organized as a social welfare group focused on policy advocacy. Upon information and belief, American Restoration Action, Inc. operates from the home of its founder, Mr. Russell Vought, 912 South Quincy Street, Arlington, Virginia 22204.

4.      On information and belief, Defendant resides at and does business from his home located at 912 South Quincy Street, Arlington, Virginia 22204.

### JURISDICTION

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.  Further, this Court possesses diversity jurisdiction over this action insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states as provided in 28 U.S.C. § 1332(a)(1).  Additionally, this Court has supplemental jurisdiction over Restoration Action's state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

6.   This Court has personal jurisdiction over the Defendants because they are citizens of Virginia; they have continuous and systematic contacts with Virginia; and the claims arise from Defendants' contacts with Virginia.

### VENUE

7.      Venue is properly placed in this district pursuant to 28 U.S.C. § 1391, as all Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### FACTS

8.   Restoration Action is a non-profit corporation that promotes the common good and general welfare by advocating in favor of conservative public policy positions.

9.     Restoration Action is related to Restoration PAC, a federal independent-expenditure only political action committee that  independently advocates in favor of the election or defeat of candidates on the basis of time-tested conservative principles.

10.    Restoration Action is the owner of U.S. trademark Registration No. 5696980 **RESTORATION ACTION,** and , Restoration PAC, is the owner of U.S. Trademark Registration No. 5779207 **RESTORATION PAC**.  Copies of these trademark registration certificates are attached and made a part hereof as **Exhibit 1**.

11.    Restoration Action and  Restoration PAC have received significant press coverage for their activities over the past several years.  Representative copies of these articles are attached and made a part hereof as **Exhibit 2.**

12.    Restoration Action has raised and spent significant sums over the past several years on education, public policy, and legislative advocacy.  Copies of representative records for these activities from third parties are attached and made part hereof as **Exhibit 3.**  Restoration PAC has raised and spent significant sums over the past several election cycles in support of and opposition to federal candidates.  Copies of representative records for these elections are attached and made part hereof as **Exhibit 4.**

13.    Individual Defendant Vought announced his intention to establish The Center for American Restoration and American Restoration Action via Twitter and Breitbart News Saturday. Copies of these Announcements are attached and made a part hereof as **Exhibit 5**.

14.     Defendants promote their services offered under the names The Center for American Restoration and American Restoration Action via the World Wide Web.  Attached and made a part hereof as **Exhibit 6** are copies of pages downloaded from the World Wide Web.

15.     Defendants have received press coverage for the two new entities, The Center for American Restoration and American Restoration Action, via the World Wide Web and elsewhere.  Copies of representative articles are attached as **Exhibit 7.**

16.     Restoration Action, in writing, has explained to Defendants the nature of its complaint and demanded that Defendants cease their unauthorized use of Plaintiff's **RESTORATION** mark and stop their false representations, but Defendants have persisted and continue to persist in such infringing and violative activities.  Attached and made a part hereof as **Exhibit 8** is a copy of the cease-and-desist letter Restoration Action's counsel sent to Defendants on March 5, 2021.

17.     Upon information and belief, Defendants have promoted and continue to promote their infringing services to residents of Virginia, and such residents have been attracted to Defendants' advertisement and alleged services by Defendants' use and prominent display of Plaintiff's **RESTORATION** mark.

## NATURE OF THE TRADE AND COMMERCE

18.     Plaintiff Restoration Action promotes its political, social, and cultural agenda under the **RESTORATION** name and mark throughout the United States and has continuously done so since 2015.  Restoration Action has continuously used the **RESTORATION** name and mark in commerce in connection with its conservative activism since that time.

19.     For many years, Restoration Action has spent substantial amounts in advertising and promoting services offered under its **RESTORATION** mark.

20.     As a result of its efforts, Restoration Action has developed valuable trademark rights including common-law rights in its **RESTORATION** mark, extending nationwide.

21.     The **RESTORATION** mark, as applied to political activism and public affairs, is a strong, fanciful designation, entitled to a broad scope of protection, especially considering the extent of advertising and activism by Restoration Action under this designation.

22.     As a result of Restoration Action's long, extensive, exclusive, and continuous use of the **RESTORATION** name and mark in connection with its political, social, and cultural activism, and as a result of the enormous public exposure due to it through promotion, fundraising, political activism, and excellent gratuitous publicity, the name and mark **RESTORATION** has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for services of Restoration Action.  The trademark **RESTORATION** serves to identify the source of Plaintiff's services.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

23.     Plaintiff Restoration realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22, inclusive above.

24.     On information and belief, defendants have used the **RESTORATION** mark in connection with political, cultural, and social activism, including fundraising activities, without authorization to do so, and implying sponsorship or endorsement by Restoration Action where no such sponsorship or endorsement exists.

25.     Plaintiff Restoration Action, due to its Federal Trademark Registration and Restoration PAC, possesses valid and superior common-law and federal statutory rights in the **RESTORATION** mark.

26.     By reason of Plaintiff Restoration's prior adoption and use of the **RESTORATION ACTION** federally registered trademark and the adoption and use of the **RESTORATION PAC**

name and mark by its related political action committee, Plaintiff's rights in and to the **RESTORATION** mark are superior to and supersede any rights Defendants may have in the **RESTORATION** mark.

27. Defendants, at the time they began offering services under the **RESTORATION** mark, were on constructive notice of the existence of Plaintiff Restoration Action's rights to the **RESTORATION** mark, by reason of the existence of Restoration Action's federal trademark registrations.

28. On information and belief, Defendants had actual knowledge of Plaintiff Restoration Action's prior and superior rights to the **RESTORATION** mark.

29. On information and belief, Defendant is promoting substantially identical services under the **RESTORATION** mark, which are the property of Plaintiff.

30. Use by Defendants of the **RESTORATION** mark to promote its political and cultural agenda is without the permission or authorization of Plaintiff Restoration Action.

31. The class of customers, including donors and activists, for the services offered by Defendants is the same class of customers to whom Plaintiff offers its services.

32. In view of the substantially identical nature of the parties' services, the confusing similarity caused by the use of the same trademarks by the two parties, and the substantially similar channels of trade and classes of purchasers of the parties' services, Defendants' continued use of the **RESTORATION** mark is likely to cause confusion, mistake, and deception among purchasers and the public generally, leading them to believe, falsely, that Defendants' services are those of, sponsored or approved by, or in some way connected with Plaintiff, to the irreparable injury of Plaintiff and the public. Despite such a likelihood of public confusion, mistake, or deception,

Defendants have continued to use and are presently using the **RESTORATION** mark, disregarding Plaintiff's demands that Defendants cease this activity.

33.     On information and belief, Defendants' acts complained of herein have for their objective the willful appropriation of Plaintiffs' rights in the **RESTORATION** mark and of the valuable goodwill of Plaintiffs' business, thereby unlawfully benefitting Defendants.

34.     On information and belief, the continued use of the **RESTORATION** trademark by Defendants in connection with political and cultural activism will be likely to injure the business and reputation of Plaintiff and will dilute the distinctive quality of Plaintiff Restoration Action's federally registered **RESTORATION ACTION** trademark and the federally registered **RESTORATION PAC** mark.

35.     Defendants' use of the **RESTORATION** mark in connection with public policy, social welfare, cultural, and political activism is without Plaintiff's consent and is likely to cause confusion, mistake, or deception and constitutes direct infringement of Plaintiff Restoration Action's federal trademark rights, in violation of Title 15 U.S.C. § 1114.  Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

**COUNT II:  FEDERAL UNFAIR COMPETITION,
FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN**

36.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 35, inclusive above.

37.     The acts complained of aforesaid actually deceive and are likely to deceive the public into believing, falsely, that Defendants' services are those of, sponsored or approved by, or

are in some way connected with Plaintiff, all to the irreparable injury of Plaintiff's trade and goodwill and to the injury of the public.

38.     The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising, and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## COUNT III:  FEDERAL DILUTION

39.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 38, inclusive above.

40.     Plaintiff's **RESTORATION ACTION** mark and the **RESTORATION PAC** mark are famous and distinctive.

41.     Defendants have used variations of the **RESTORATION** mark in commerce in a manner that dilutes Plaintiff's mark.

42.     The similarity between Plaintiff's and Defendants' **RESTORATION** marks gives rise to an association between the marks.  This association is likely to impair the distinctiveness and harm the reputation of Plaintiff's **RESTORATION ACTION** mark and the **RESTORATION PAC** mark.

43.     Defendants' infringements and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Restoration, for which there is no adequate remedy at law.

44.     The aforesaid acts constitute dilution in direct violation of 15 U.S.C. § 1125(c).

8

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## COUNT IV:  UNFAIR TRADE PRACTICES IN VIOLATION OF THE VIRGINIA UNFAIR TRADE PRACTICES ACT

45.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 44, inclusive above.

46.     This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

47. Defendants' unauthorized use of variations of Plaintiff's **RESTORATION ACTION** mark constitutes an unfair or deceptive trade practice in violation of Virginia Code § 38.2-500 *et seq*.

48.     Upon information and belief, Defendants committed these infringements and violations willfully, knowingly, maliciously, and in conscious disregard for Restoration Action's rights.

49.     Defendants' infringements and violations have caused ascertainable loss to Restoration Action.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

## COUNT V:  COMMON  LAW TRADEMARK INFRINGEMENT AND DILUTION UNDER VIRGINIA LAW

50.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49, inclusive above.

51.     This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

52.     Plaintiff's **RESTORATION ACTION** mark and the **RESTORATION PAC** mark are inherently distinctive and have secondary meaning.

53.     Defendants are using variation of Plaintiff's **RESTORATION** mark in commerce in a manner that infringe, unfairly compete with and  dilute Plaintiff's mark.

54.     The similarity – in fact, identical nature – between Plaintiff's and Defendants' **RESTORATION** mark gives rise to an association between the marks.

55.     This association between the marks is likely to impair the distinctiveness of Plaintiff's mark and harm the reputation of Plaintiff's marks.

56.     Defendants' infringements and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Restoration Action, for which there is no adequate remedy at law.

57.     The aforesaid acts constitute trademark infringement, unfair competition and dilution in direct violation of Virginia common law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests:

1.     That Defendants and their officers, directors, agents, owners, employees, representatives, attorneys, and all others acting under or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from:

      a.     infringing Plaintiff's rights to the **RESTORATION ACTION** mark; using any variation of the designation **RESTORATION** or any colorable

imitation thereof on defendants' websites, social media sites, on third-party websites, letterhead, signage, advertising, or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols or devices, as a corporate or trading name or as a trademark, in connection with political or cultural activism;

b.      in any manner imitating Plaintiff's **RESTORATION ACTION** mark for the purpose of acquiring Plaintiff's trade and goodwill by imitation, fraud, mistake or deception; and

c.      unfairly competing with Plaintiff in any manner whatsoever.

2.      An order holding that Defendants' activities complained of herein constitute federal trademark infringement; federal unfair competition, false representation, and false designation of origin; Virginia unfair trade practices; and trademark infringement, unfair competition and dilution under Virginia law.

3.      An order directing Defendants to file with this Court and to serve on Plaintiff within thirty (30) days after service of the injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and any further orders of this Court.

0.      That Defendants and their agents, employees, representatives, and all others acting under their direction or control or in concert with them, or any of them, be ordered to immediately deliver up for destruction all product, labels, packaging, containers, tags, advertising materials, catalogs, promotional material, flyers, signs, disks, tapes and any and all other materials which bear  any resemblance to Plaintiff's **RESTORATION ACTION**  mark or any colorable imitation thereof or any other

11

tapes and any and all other materials which bear  any resemblance to Plaintiff's **RESTORATION ACTION**  mark or any colorable imitation thereof or any other designation which contains or consists of variations on Plaintiff's **RESTORATION ACTION** mark.

1.      Joint and several liability for damages and a trebling of same, profits, and costs of suit, pursuant to 15 U.S.C. § 1117(a).

2.      An award of attorneys' fees due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a).

3.      Any other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Restoration Action demands a trial by jury on all issues so triable.

## VERIFICATION

I have reviewed the foregoing allegations and Complaint and verify that they are true and correct to the best of my knowledge, information and belief.


Dated: March 30, 2021

Name and Title: JOHN PEARMAN
EXECUTIVE DIRECTOR
**RESTORATION ACTION, INC.**


Dated: March 30, 2021          Respectfully submitted,

By:   /s/ Thomas W. Brooke
          Thomas W. Brooke

12

Virginia Bar No. 32388
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
202.663.7271
thomas.brooke@hklaw.com
cindy.gierhart@hklaw.com

*Attorneys for Plaintiff*
*Restoration Action, Inc.*